**Sidney H. GELLER, Trustee for the Benefit of Creditors of Bolduc Baking Company**

v.

**HARRIS BAKING COMPANY and Ashel Foster.**

Supreme Judicial Court of Maine.

Dec. 12, 1973.

---

Daviau, Geller & Daviau by Jerome G. Daviau, Waterville, for plaintiff.

Marden, Dubord, Bernier & Chandler by Albert L. Bernier, Waterville, Irving Isaacson, Lewiston, for defendants.

Marshall, Raymond & Beliveau by John G. Marshall, Lewiston, for intervenor.

Before DUFRESNE, C. J., and POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

By this appeal, taken by defendant Harris Baking Company, we are asked to test the conclusions reached by the Court after hearing without a jury,[1] to see if such conclusions find support in the record.

In so testing the factual conclusions reached, we are governed by the provisions of Rule 52(a), Maine Rules of Civil Procedure, which directs that:

> "findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

Onesime Bolduc was the principal stockholder of Bolduc's Baking Company. He was also the operating head of the Company.

In 1967 Onesime Bolduc became physically and emotionally ill to such extent he was no longer able to effectively participate in the operation of Bolduc Baking Company.

Coincidentally with Mr. Bolduc's disabling illness the Company became so financially ill it was unable to meet its current obligations and to continue production and distribution of its bakery products.

The Harris Baking Company was a competitor of Bolduc in the small area in which the Bolduc Company marketed its products. Joseph Boyle, the principal stockholder and President of Harris Baking Company, was a friend of Onesime Bolduc. Bolduc turned to his friend Boyle and sought help in keeping the Bolduc products in production and in the market.

Boyle, motivated, as the single Justice found, only by a desire to extend a helping hand to a friend in distress, agreed to produce the Bolduc product in the Harris plant[2] and to deliver the Bolduc bread to Bolduc's customers for a few days at a price of "20% off wholesale."

After some time had passed Bolduc realized that his condition and the financial condition of his Company was such that he could never hope to reopen.

By arrangement which he made with Harris, Harris took over the Bolduc trucks

---

1. The complaint against defendant Foster was dismissed by the Justice below. No appeal was taken from such dismissal. The plaintiff also noted a cross-appeal. At oral argument the cross-appeal was expressly waived.

2. The State Department of Sanitation had caused the Bolduc plant to be closed.

on which there was money owed and put the Bolduc route drivers on Harris' payroll. Bolduc, who was still unable to do much work, was put on the Harris payroll and given a small salary.

Shortly thereafter Mr. Foster who had been in charge of production at the Bolduc Bakery came to work for Harris. The single Justice found as a fact and the record amply supports the conclusion that at about this time Boyle and Bolduc agreed they would try to agree upon a sale of the Bolduc assets to Harris and would try to agree on the price at a later time.

In fact, there were stockholders of Bolduc Baking Company other than Onesime Bolduc. There was general agreement that none of the other stockholders in any way participated in any of the negotiations leading to the very informal arrangement which existed between the Harris Company and the Bolduc Company in the beginning.

Ultimately, in May or June of 1967, a meeting was held between Mr. Boyle, representing Harris Baking Company, and Mr. Onesime Bolduc, Mrs. Bolduc, another stockholder, and Jerome Daviau, attorney for the Company. The terms of a sale were discussed. The presiding Justice found as a fact that no terms were agreed upon. Mr. Boyle caused a written contract to be prepared setting forth in detail the terms of a sale of the Bolduc Company assets to Harris Baking Company.

It is agreed that such contract was never signed by anyone representing the Bolduc Company.

On June 30, 1967, Onesime Bolduc, as Vice President of Bolduc Baking Company, executed an assignment for the benefit of creditors to Sidney Geller, plaintiff herein. Harris Baking Company was never notified of the fact of the assignment.

During the rather long period between the time Harris Baking Company acted as "a good Samaritan" in extending a helping hand to the Bolduc Company and the time when the assignment for the benefit of creditors took place, the Bolduc bread product gained remarkable acceptance. The presiding Justice declared he was unable to determine from the evidence to what extent this increase in popularity of Bolduc's bread product was due to the quality of the product and to what extent it was due to Harris' promotion. In any event, both Onesime Bolduc and Mr. Foster continued working for Harris Baking Company and received a salary paid by Harris Baking Company; the Bolduc trucks were utilized as Harris trucks and the drivers thereof paid by Harris. The amount due in payment on the Bolduc Company trucks was paid off by Harris. Harris continued to promote the Bolduc line after making only slight changes (as the single Justice found) in the Bolduc formula, and substantial profits from the Bolduc line were received by Harris.

In the meantime Bolduc's assignee for the benefit of creditors sold the Bolduc formula and the right to produce Bolduc bread to LePage's Bakery, and the assignee commenced this action against Harris Baking Company, seeking an accounting of the profits and injunctive relief. LePage intervened in the proceedings and after considerable legal maneuvering which is not important to this decision, Harris ceased production and marketing of the Bolduc product.

Harris' position is that its only liability is the fair value of the physical assets and good will of the Bolduc bread as of April, 1967, plus the small amount resulting from the "20% off wholesale" agreement reached between Bolduc and Harris, when Harris agreed to take over and keep Bolduc's business alive until Bolduc could re-establish itself.

This position results from Harris' claim that a sale was made by Bolduc in April of 1967. Harris concedes that no price was agreed upon at that time or ever, but asserts that Harris properly took possession and control of all the Bolduc assets, and, therefore, no accounting is due Bolduc's

assignee for the continued use of such assets.

Corthell v. Summit Thread Company, 132 Me. 94, 167 A. 79 (1933), is substantially relied upon as authority for its position.

In *Corthell,* this Court held that there was a contract even though the price was not clearly expressed. There the term "reasonable recognition" within the intendment of the parties meant what was fair and just between the parties, that is reasonable compensation.

The case at Bar is easily distinguishable.

Harris made a definite offer for a sum certain.

Bolduc refused the offer and made a counteroffer which was never accepted.

There was no meeting of the minds and the presiding Justice so found.

The language of *Corthell* at page 99, 167 A. at page 81 is clearly applicable to the case at Bar.

"There is no more settled rule of law applicable to actions based on contracts than that an agreement, in order to be binding, must be sufficiently definite to enable the Court to determine its exact meaning and fix exactly the legal liability of the parties. Indefiniteness may relate to the time of performance, the price to be paid, work to be done, property to be transferred, or other miscellaneous stipulations of the agreement. If the contract makes no statement as to the price to be paid, the law invokes the standard of reasonableness, and the fair value of the services or property is recoverable. If the terms of the agreement are uncertain as to price, but exclude the supposition that a reasonable price was intended, no contract can arise."

The single Justice's finding of fact that there was no sale in April of 1967, or any other time, of Bolduc's assets to Harris finds clear support in the evidence. Such finding was not *clearly erroneous.*

The single Justice treated the business relationship between the Bolduc Company and Harris Baking Company as encompassing four separate periods.

The amount for which he found Harris accountable was computed on a separate basis for each of the four periods. This, the single Justice determined, was just and equitable.

It is noted the plaintiff indicated he felt Harris was being treated much too generously, and, therefore, cross appealed.[3]

We have examined the record with great care and are unable to declare that in our judgment the single Justice was clearly erroneous.

The entry must be,

Appeal denied.

All Justices concurring.

WEBBER, J., sat at argument but retired before this opinion was adopted.

WEATHERBEE, J., did not sit.

---

3. At oral argument the cross appeal was waived.